# Exhibit A

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BOONE SUPERIOR COURT II |
| | ) SS: | |
| COUNTY OF BOONE | ) | CAUSE NO. 06D02-1504-Ml-000001 |

| | |
|---|---|
| TERRI KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALDI (INDIANA) L.P., | ) |
| | ) |
| Defendant. | ) |

FILED

APR 2 4 2015

Jessica J. Fouts

CLERK BOONE SUPERIOR COURT II

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Terri King, and for her Complaint against Defendant, Aldi (Indiana) L.P., alleges as follows:

### Nature of the Case

1. This is an action at law and equity for damages by Plaintiff, Terri King (hereinafter "King" or "Plaintiff"), against Defendant, Aldi (Indiana) L.P. (hereinafter "Aldi" or "Defendant") for injury to her person, income, and property caused by the wrongful acts of Defendant.

2. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, 104 Stat. 327 (1990) (Pub. L. 101-336), as amended by the ADA Amendments Act of 2008 (Pub. L. 110-325), and also pursuant to the Indiana common law doctrine of retaliatory discharge in violation of public policy. Plaintiff reserves the right to assert other and/or different legal theories as may be appropriate following a reasonable opportunity to conduct discovery in this matter.

3. Because Defendant's actions against King were taken with actual malice and/or reckless indifference to King's federally protected rights, Defendant is subject to an award of punitive damages pursuant to 42 U.S.C. §1981a(b)(1).

## Jurisdiction

4. At all relevant times Plaintiff performed work for Defendant within Boone County, Indiana, and Defendant routinely conducted business in Boone County, Indiana. All the events giving rise to this cause of action occurred within or related to the employment relationship between Plaintiff and Defendant.

## Parties

5. Plaintiff, Terri King, was at all times relevant to this suit a citizen of the State of Indiana and resided at 522 E. Pike Street, Kirklin, Indiana 46050.

6. Defendant, Aldi (Indiana) L.P., conducts business in the State of Indiana, including Boone County, and at all relevant times maintained its offices at 486 E. Stop 18 Road, Greenwood, Indiana 46142. Defendant is a for-profit Domestic Limited Partnership in the State of Indiana, and its corporate address is listed with the Indiana Secretary of State's office as 486 E. Stop 18 Road, Greenwood, Indiana 46142. Defendant's registered agent for service of process in Indiana is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204. Aldi (Indiana) LLC, a foreign limited liability company with headquarters in Illinois, is the General Partner in Aldi (Indiana) L.P. Aldi is part of Aldi Inc., a leading global discount supermarket chain with over 9,000 stores in 18 countries, including 1,400 US stores in 32 states, primarily from Kansas to the East Coast.

## Factual Allegations

7. At all times relevant to this Complaint, Plaintiff was an "employee" of Aldi within the meaning of the ADA.

8. At all times relevant to this Complaint, Aldi was an "employer" within the meaning of the ADA.

9. At all times relevant to this Complaint, King's work performance met or exceeded Defendant's legitimate expectations.

10. Aldi terminated King's employment.

11. Aldi terminated King's employment on or about November 6, 2013, and made the termination retroactive to October 19, 2013.

12. Prior to terminating her employment, Aldi refused to even consider or to talk to King regarding her request for a reasonable accommodation for her disability.

13. At the time it terminated Plaintiff, Aldi had a history, and/or a policy, of refusing to engage in the interactive process with, and refusing to accommodate, employees who had any work restrictions or limitations.

14. Plaintiff was, in fact, denied an accommodation for her disability or perceived disability.

15. Plaintiff timely filed a Charge of Discrimination against Aldi with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge generally included allegations of discrimination and retaliation in violation of the ADA.

16. On or about January 29, 2015, King received a Notice of Right to Sue from the EEOC. This Complaint is timely filed.

17. As a direct and proximate result of Aldi's unlawful, malicious, willful, retaliatory and discriminatory actions, King has suffered lost wages, salary, employment benefits, related financial losses, physical pain and suffering, and emotional distress.

## Count I: Discrimination in Violation of ADA

18. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

19. At all times relevant King was a qualified individual with a disability within the meaning of the ADA; Aldi regarded King as disabled; and, King had a record of having an impairment that substantially limited one or more of her major life activities, of which Aldi was aware.

20. Aldi failed and refused to engage in the interactive process with King, failed to make or even consider reasonable accommodations for her, and ultimately terminated her employment because of her disability or perceived disability.

21. King was at all relevant times capable of performing the essential functions of her position with Aldi with or without accommodation.

22. As a result of Aldi's wrongful, intentional, willful and wanton actions and omissions described herein, King has suffered loss of income and benefits, severe emotional distress, and other significant injury to both her property and her person.

## Count II: Retaliation in Violation of ADA

23. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

24. Plaintiff engaged in conduct protected by the anti-retaliation provisions of the ADA codified at 42 U.S.C. §12203.

4

25. Defendant retaliated against Plaintiff for having engaged in protected conduct, including, without limitation, for her having sought accommodation for her known disabilities or for otherwise having exercised her rights under the ADA.

26. As a result of Aldi's wrongful, intentional, willful and wanton actions and omissions described herein, King has suffered loss of income and benefits, severe emotional distress, and other significant injury to both her property and her person.

## Count III: Retaliatory Discharge in Violation of Public Policy ("Frampton Claim")

27. The other paragraphs of this Complaint are incorporated herein by reference as if fully set forth here.

28. Plaintiff suffered an injury that was at least in part work-related, and she reported that injury and sought compensation for that injury from her employer.

29. Aldi retaliated against Plaintiff because of her exercise of her statutorily-conferred personal right to seek compensation for a work-related injury, and/or to prevent her from making such a claim.

30. As a direct and proximate result of Aldi's retaliatory and discriminatory actions, King has suffered loss of income and benefits, severe emotional distress, and other significant injury to both her property and her person.

## Relief Requested

WHEREFORE, Plaintiff, by counsel, respectfully requests the following relief:

A. Special damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendant's above-described actions;

B. Interest on the amount awarded as special damages calculated at the prevailing rate, including both pre- and post-judgment interest where appropriate;

C. Compensatory damages;

D. Liquidated and/or punitive damages;

E. Damages to compensate King for mental anguish and emotional distress;

F. Reasonable attorneys' fees, expert witness fees, and other costs of this action; and

G. All other just and proper relief to which Plaintiff is entitled.

Respectfully submitted this 21st day of April, 2015.

By *Michael L Schultz by KMF*

Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
& PATTERSON LLP
201 N. Illinois Street, Suite 300
Indianapolis, IN 46204
Telephone: (317) 269-2500
Facsimile: (317) 269-2514
E-mail: mschultz@parrlaw.com

Attorneys for Plaintiff, Terri King

## DEMAND FOR JURY TRIAL

Plaintiff, Terri King, by her undersigned counsel, hereby requests a trial by jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

*Michael L Schultz by KMF*

Michael L. Schultz

620331

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BOONE SUPERIOR COURT II |
| | ) SS: | |
| COUNTY OF BOONE | ) | CAUSE NO. 06D02-1504-PL-00081 |

TERRI KING,  )
                                )
      Plaintiff,   )
                                )
      v.   )
                                )
ALDI (INDIANA) L.P.,  )
                                )
      Defendant.   )

FILED
APR 24 2015
Jessica J. Fouts
CLERK BOONE SUPERIOR COURT II

## APPEARANCE BY ATTORNEY IN CIVIL CASE

### Party Classification:  Initiating

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party:

        Plaintiff Terri King

2. Applicable attorney information for service as required by Ind. Trial Rule 5(B)(2) and for case information as required by T.R. 3.1 and T.R. 77(B):

        Michael L. Schultz (20361-49)
        PARR RICHEY OBREMSKEY FRANDSEN
          & PATTERSON LLP
        201 N. Illinois Street, Suite 300
        Indianapolis, IN 46204
        Telephone:  (317) 269-2500
        Facsimile:  (317) 269-2514
        E-mail:  mschultz@parrlaw.com

3. All parties known to Defendant are shown in the caption above.

4. Case Type:  PL

5. I will not accept service by fax at the above number.

6. This case does not involve support issues.

7. To my knowledge, there are no related cases.

8. Counsel is aware of no other information required by local rule.

Respectfully submitted,

By: *Michael L. Schultz, by KAF*

Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
& PATTERSON LLP
201 N. Illinois Street, Suite 300
Indianapolis, IN 46204-1904
Telephone: (317) 269-2500
Facsimile: (317) 269-2514
E-mail: mschultz@parrlaw.com

Attorney for Plaintiff, Terri King

620337

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE BOONE SUPERIOR COURT II |
| | ) SS: | |
| COUNTY OF BOONE | ) | CAUSE NO. _____ 06D02-1504-PL-00081 |

| | |
|---|---|
| TERRI KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALDI (INDIANA) L.P., | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

TO DEFENDANT:   Aldi (Indiana), L.P.
c/o CT Corporation System, Registered Agent
150 W. Market Street, Suite 800
Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____ APR 24 2015

_Jessica J. Fouts_
Clerk, Boone Circuit & Superior Courts

**Attorney for Plaintiff:**

Michael L. Schultz (20361-49)
PARR RICHEY OBREMSKEY FRANDSEN
& PATTERSON LLP
201 N. Illinois Street, Suite 300
Indianapolis, IN 46204
Telephone:   (317) 269-2500
Facsimile:   (317) 269-2514

**Clerk Information:**

Courthouse
212 Courthouse Square
Lebanon, IN 46052

The following manner of service of Summons is hereby designated:

__X__ Registered or Certified Mail
_____ Service on individual at above address: County _____
_____ Service on agent: (specify) _____
_____ Service by Publication

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2015 I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Aldi (Indiana), L.P., by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated __APR 2 4 2015__          _Jessica J. Foutz_
                                Clerk, Boone Circuit & Superior Courts

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the Complaint mailed to the Defendant, was accepted on the _____ day of _____ 2015.

I hereby certify that the attached return receipt was received by me on the _____ day of _____ 2015, showing that the summons and a copy of the Complaint was returned not accepted.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by _____ (age) _____ on behalf of said Defendant on the _____ day of _____ 2015.

_____
Clerk, Boone Circuit & Superior Courts

## SERVICE ACKNOWLEDGED

A copy of the within Summons and a copy of the Complaint attached thereto were received by me at _____.

Dated _____          _____
                                        Signature of Defendant

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within Summons:

(1) By delivering a copy of the Summons and a copy of the Complaint to the Defendant on the _____ day of _____ 2015.

(2) By leaving a copy of the Summons and a copy of the Complaint:
  a) at the dwelling place or usual place of abode of the Defendant
  b) with a person of suitable age and discretion residing therein, namely _____ and by mailing a copy of the Summons to the Defendant, by first class mail, to the address listed on the Summons, the last known address of the Defendant.

Sheriff of _____ County, Indiana
By: _____

620340

2