UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRI KING, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:15-cv-805-WTL-DML |
| | ) |
| ALDI (INDIANA), L.P., | ) |
| | ) |
|    Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss the amended complaint (Dkt. No. 19). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

Plaintiff Terri King brings this action against her former employer alleging that her employment was terminated because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), in retaliation for exercising her rights under the ADA, or in retaliation for exercising her rights under Indiana's worker compensation laws.

The Defendant moves to dismiss King's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that her amended complaint fails to state a claim for which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> To assess whether a complaint states a plausible claim of relief, the Court articulated a two-pronged approach in which a court (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are "no more than

> conclusions" and (2) then determines whether the remaining well-pleaded factual allegations "plausibly give rise to an entitlement of relief."

*Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The Defendant first argues that King's ADA claim fails because she does not identify in her amended complaint what her disability is. The Defendant is correct that the failure to identify one's disability is fatal to one's ADA claim:

> A plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability. And surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. . . . Quite apart from the enhanced pleading requirements imposed by the Supreme Court in [*Twombly*] and [*Ashcroft*], a defendant is entitled to "fair notice," in the complaint, of the plaintiff's claim. The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.

*Tate v. SCR Med. Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015). However, while King does not specifically identify her alleged disability in her amended complaint, she does identify it in her brief in response to the instant motion. The Defendant characterizes this as an improper attempt by King to amend her complaint via her response brief but, in fact, "nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015) ("Of course, [the plaintiff] did not have to *prove* the facts at the motion to dismiss stage, but it did have to *plead* them or at least bring them to the district court's attention in opposing the motion to dismiss.").[1]

---

[1]The Defendant also inexplicably argues that "King's attempt to plead additional facts in her Amended Complaint that were notably absent in her First Complaint in response to [the Defendant's] Motion to Dismiss is improper and impermissible." Dkt. No. 27 at 3. Of course a

2

The Defendant also argues that even if King's response brief is considered, she still has not adequately identified her disability. The Court disagrees.

> The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ." 42 U.S.C. § 12102(1). Under the 2008 amendments, a person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is "transitory and minor" (defined as lasting six months or less). *See id.* § 12102(3)(B) (Only paragraph (1)(C) of the definition of disability "shall not apply to impairments that are transitory and minor."); 29 C.F.R. § 1630.2(j)(1)(ix). Likewise, "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

*Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172-73 (7th Cir. 2013). King states in her amended complaint that she "suffered a disability, at least part of which was work-related, for which her doctor prohibited her from lifting more than ten pounds due to severe pain and other complications." Dkt. No. 13 at ¶ 10. She elaborates in her response brief that her disability "results from a harmful vaginal mesh procedure and is exacerbated by lifting heavy items at her job." Dkt. No. 20 at 4. King has identified her impairment—post-surgery complications—sufficiently to put the Defendant on notice of what her ADA claim is based upon.

The Defendant also argues that King failed to allege how her impairment affected her ability to perform her essential job functions or what reasonable accommodations she requested from the Defendant. King was not required to do so.

> Even after *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Federal Rules of Civil Procedure do not require code pleading. Under the old pre-Rules regime of code pleading, plaintiffs were required to plead the elements of a cause of action along with facts supporting each element. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

---

plaintiff may include new facts in an amended complaint; indeed, that is the appropriate response when a motion to dismiss points out deficiencies in the factual allegations contained in the original complaint.

3

> Procedure § 1216 (3d ed.) (describing code pleading as requiring "the pleader [to] set forth the 'facts' constituting a 'cause of action'"). Under the modern regime of the Federal Rules, the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has "substantive plausibility."

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517-18 (7th Cir. 2015) (citing *Johnson v. City of Shelby,* ––– U.S. ––––, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam)). The Seventh Circuit has made it clear that the specificity of facts that must be pled depends upon the type of claim that is being asserted, and "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). "A complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Id.* (citations omitted). Similarly, in an ADA case a plaintiff must "allege facts showing that "(1) [s]he is 'disabled'; (2) [s]he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) [s]he suffered an adverse employment action because of [her] disability." *Gogos*, 737 F.3d 1170, 1172 (7th Cir. 2013) (citations omitted). Here, King alleges that she was disabled, that she was "at all relevant times capable of performing the essential functions of her position, including customer service and stocking inventory . . . with or without accommodation," and that she was terminated because of her disability. Amended Complaint ¶ 24. It may be that the heavy lifting she was required to do was an essential function of her position and accommodating her need for a lifting restriction would not have been a reasonable accommodation under the ADA, or it may be that the lifting she sought to avoid was not essential to her position. By alleging that she could perform the essential functions of her job, King has alleged the latter, and thus has satisfied her notice

pleading burden.  *See Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010) ("We give the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.") (citations omitted).

      Similarly, King has satisfied the notice pleading standard for her retaliation claims.  The Defendant claims that King was required to plead "*what* accommodation she sought, *what* disability that accommodation was for, *how* [the Defendant] supposedly refused her accommodation, *what* rights she supposedly exercised under the ADA, [and] *how* [the Defendant] knew that King 'engaged in protected conduct.'"  Dkt. No. 27 at 9 (emphasis in original).  As discussed above, she has, in fact, identified what her alleged disability was; she also has alleged that she was retaliated against (i.e. fired) for exercising her right to request a reasonable accommodation under the ADA.  She was not required to plead the other facts the Defendant complains are missing from her amended complaint; a plaintiff simply is not required to plead facts regarding every element of her prima facie case.  King was required to plead sufficient facts to put the Defendant on notice of what claims she is making against it; she has done so.  Accordingly, the Defendant's motion to dismiss is **DENIED**.

      SO ORDERED2/23/16

                                                    _____
                                                    Hon. William T. Lawrence, Judge
                                                    United States District Court
                                                    Southern District of Indiana

Copies to all counsel of record via electronic notification